# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| UNITED STATES of AMERICA )<br><br>v. )<br><br>MIGUEL CARRILLO RODRIGUEZ, )<br><br>Defendant. ) | Criminal Nos.<br>06-40007-FDS |

---

## MEMORANDUM AND ORDER ON
## MOTION FOR PRE-PLEA PRESENTENCE REPORT

**SAYLOR, J.**

Defendant Miguel Carrillo Rodriguez has filed a motion requesting that the Court order preparation of a "pre-plea presentence report"—that is, a presentence report prepared prior to a change of plea or other adjudication of guilt. The defendant states that he requires such a report to "assist in determining the potential consequences of a plea." For the reasons set forth below, the motion will be denied in part and granted in part.

The preparation and use of a presentence report is governed by 18 U.S.C. § 3552 and Fed. R. Crim. P. 32. The principal purpose of a presentence report is to assist the Court in imposing a sentence and making recommendations for correctional treatment; under Rule 11(c)(3)(A), the Court may also review a presentence report in order to determine whether to accept a plea agreement of the type specified in Rule 11(c)(1)(A) or (C).[1] There is nothing in either the statute or the rules that expressly authorizes the use of a presentence report for any other purpose, such

---

[1] The presentence report is also used by the Bureau of Prisons to determine the appropriate correctional facility for the defendant and the classification within that facility.

as facilitating a plea agreement.

There is, nonetheless, some indirect support for the position that Rule 32 permits the preparation of a presentence report prior to a plea agreement.  Rule 32(e)(1) provides as follows:

**(e) Disclosing the Report and Recommendation.**

**(1) Time to Disclose.**  Unless the defendant has consented in writing, the probation officer must not submit a presentence report to the court or disclose its contents to anyone until the defendant has pleaded guilty or nolo contendere, or has been found guilty.

The rule thus protects against non-consensual disclosure of a presentence report to the Court or "anyone" prior to a plea of guilty or finding of guilt.  The protection against pre-plea *disclosure* necessarily suggests that a the pre-plea *creation* of a presentence report is permissible.  The rule does not, however, indicate why a presentence report might be created prior to a plea of guilty, to what purposes such a report might legitimately be put, or whether such a report may be created and disclosed even before a plea agreement is reached.

The relevant portion of Rule 32 has been modified on several occasions, but the legislative history of those changes sheds little light on those issues.  The Supreme Court adopted Rule 32 in 1944; the relevant provision first appeared in 1946 in subdivision (c)(1).  CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE, FEDERAL RULES OF CRIMINAL PROCEDURE § 521 (3d ed. 2004); Tim A. Thomas, Annotation, *Disclosure to Third Party of Presentence Report under Rule 32(c)*, 91 A.L.R. FED. 816 § 1, n.1 (1989).[2]  From 1946 to 1974, Rule 32(c)(1) absolutely prohibited the disclosure of a presentence report to the Court unless the defendant had

---

[2] Under the 1994 amendments to Rule 32, this provision was moved from subdivision (c)(1) to subdivision (b)(3).  It was moved again with the passage of the 2002 amendments to subdivision (e)(1).  WRIGHT ET AL. § 523.

pleaded guilty or nolo contendere or had been found guilty.  *See Gregg v. United States*, 394 U.S. 489, 492 (1969).  The principal purpose of the rule was to prevent possible prejudice on the part of the judge who would preside over the jury trial.  *Id.*   The original version of the rule was, of course, adopted in an earlier era, before the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq.; prior to that time, the period between conviction and sentencing was often much shorter, and indeed the two events sometimes occurred on the same day.  *See, e.g., Gregg*, 394 U.S. at 490, 493 (defendant sentenced immediately after return of jury verdict).  It appears that presentence reports were sometimes prepared, as a matter of necessity, before a plea or finding of guilty.  *See Gregg*, 394 U.S. at 491-92; *Stevens v. United States*, 227 F.2d 483, 485 (10th Cir. 1955).

In 1974, Rule 32(c)(1) was amended to permit disclosure where the defendant consented. *See* Fed. R. Civ. P. 32, Advisory Committee Notes, 1974 Amendments.  The 1974 Advisory Committee Notes stated as follows:

> Subdivision (c)(1) is also changed to permit the judge, after obtaining defendant's consent, to see the presentence report in order to decide whether to accept a plea agreement, and also to expedite the imposition of sentence in a case in which the defendant has indicated that he may plead guilty or nolo contendere.  . . .  Because many plea agreements will deal with the sentence to be imposed, it will be important, under Rule 11, for the judge to have access to sentencing information as a basis for deciding whether the plea agreement is an appropriate one.

*Id.*; *see also United States v. Kurkculer*, 918 F.2d 295, 301 (1st Cir. 1990) (stating that Rule 32 permits the court to view the presentence report only with the permission of the defendant). The 1974 Notes thus suggest that a presentence report may be prepared where the defendant has merely "indicated" that "he may plead guilty or nolo contendere," although the apparent purpose of preparing the report under such circumstances was to "expedite the imposition of the

sentence," not to facilitate plea discussions.

The 1989 amendments to Rule 32(c)(1) made it the functional equivalent of current Rule 32(e)(1).  The Advisory Committee Notes to the 1989 Amendments indicated the purpose of the provision:

> In amending [then] subdivision (c)(1), the Committee conformed the rule to the current practice in some courts: i.e., to permit the defendant and the prosecutor to see a presentence report prior to a plea of guilty if the court, with written consent of the defendant, receives the report at that time.  The amendment permits, but does not require, disclosure of the report with the written consent of the defendant.

Fed. R. Civ. P. 32, Advisory Committee Notes, 1989 Amendments.

It is difficult to know what conclusions to draw from this history.  Clearly the probation department, under some circumstances, may prepare a presentence report prior to a plea of guilty, or Rule 32(e)(1) makes no sense.  Having prepared such a report, probation apparently may disclose its contents to the government and the defendant, with the latter's consent, prior to entry of a guilty plea.  There is, however, no express authority permitting the creation of presentence report prior to a *plea agreement*; at most, the Advisory Committee Notes suggest that a report may be prepared if the defendant has "indicated" a willingness to plead guilty and in order to "expedite" sentencing.   More fundamentally, there is nothing in the rules or the statute that indicates that the Court can order a presentence report to facilitate plea discussions, particularly over the objections of the government.

Without deciding the issue, the Court concludes that, to the extent it has the authority to order a pre-plea presentence report, it declines to exercise that authority under the circumstances presented here.  *See United States v. Kearns*, 109 F. Supp. 2d 1309, 1318-19 (D. Kan. 2000).

4

First, such an order would require the government, as a practical matter, to disclose its evidence and arguments in detail at an earlier stage than would otherwise be required.  While the government does not have a legitimate interest in trial by ambush or surprise, it does have a legitimate interest in the orderly disclosure of information to the defense in accordance with a reasonably predictable timetable.  That interest is reflected, among other things, in Local Rule 117.1(a), which provides for the presumptive disclosure of information to the defense at various stages (e.g., exculpatory information and a description of matters proposed to be offered under Fed. R. Evid. 404(b) must be disclosed 21 days before trial; names and addresses of witnesses and exhibits must be disclosed 7 days before trial).[3]  Furthermore, the government must frequently weigh its interest in the prosecution of a particular case or the proof of a particular fact (and the concomitant disclosure obligations) against its competing interests in maintaining the secrecy of ongoing investigations and intelligence efforts.  That balance must be struck in a dynamic environment that often changes over the course of a prosecution, as witnesses cooperate, new evidence becomes available, or the government simply comes to understand more fully the import of the evidence before it.  The creation of a pre-plea presentence report, which would require detailed disclosure of evidence and argument at a relatively early stage, has the substantial potential to disrupt the ability of the government to strike the requisite balance.

Second, the interview of the defendant is, ordinarily, a critical component of the

---

[3] The Jencks Act provides, among other things, that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery or inspection until said witness has testified on direct examination in the trial of the case."  18 U.S.C. § 3500(a), *see* Fed. R. Crim. P. 26.2 (implementing Jencks Act). Although, for practical reasons, the Jencks Act is rarely followed literally, it is nonetheless evidence of a Congressional intent to regulate the timing of disclosure of at least one category of information by the government to the defense.

presentence investigation.  *See* Fed. R. Crim. P. 32(c)(2).  Presumably, the defendant here would assert his Fifth Amendment rights and refuse to cooperate with probation prior to any adjudication of guilt.  The presentence report would therefore be incomplete or inaccurate in material respects.  Furthermore, in the ordinary course the defendant would cooperate with probation after the entry of a guilty plea, and the report thus would have to be revised prior to the time of sentencing.  The Court is hesitant to add to the burdens of the probation department absent a showing of good cause.

Third, there is substantial potential for unfairness to the defendant, as well as the government, in the creation of a pre-plea presentence report.  Such a report might create expectations about a tentative guideline sentencing range that could vary considerably from the range ultimately used at sentencing.  This, in turn, might lead to later claims that the plea was not knowing and voluntary or, if the defendant declines to plead guilty, claims of government misconduct if the government subsequently changes any of its factual or legal positions.

Finally, the Court notes that Rule 11(c)(1) strictly prohibits the Court from participating in plea discussions.  The plain purpose of the request is to facilitate such discussions, and the Court is reluctant to assert its authority, even if only slightly, into that process.

Nonetheless, the Court in its discretion will direct the probation office to prepare a criminal history of the defendant in this instance.  The compilation of such a criminal history would serve the ends of justice and would not be unduly burdensome under the circumstances. The defendant's criminal history is already a matter of public record, its impact on sentencing is ordinarily straightforward and predictable, and it is included in the presentence report regardless of the defendant's willingness to cooperate.  Therefore, the compilation of such information prior

6

to the guilty plea would not generally give rise to the concerns identified above.  The Court will not, however, direct that an entire presentence report be prepared prior to entering into a plea agreement.

Accordingly, and for the foregoing reasons, defendant's motion for a pre-plea presentence report is DENIED in part and GRANTED in part.  The probation department shall prepare a criminal history of the defendant and submit it to counsel for defendant and the government at the earliest practicable date.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:   October 3, 2007